IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ERNEST LEE THOMAS,**      )<br>                                                    )<br>           **Plaintiff,**            )<br>                                                    )<br>**v.**                                           )<br>                                                    )<br>                                                    )<br>**ROGER WERHOLTZ, et al.,**  )<br>                                                    )<br>           **Defendants.**        )<br>_____) | **CIVIL ACTION**<br><br>**No. 04-3237-CM** |

## MEMORANDUM AND ORDER

Plaintiff Ernest Lee Thomas, an inmate at Hutchinson Correctional Facility ("HCF"), brought this § 1983 action alleging that prison officials violated his constitutional rights when they retaliated against him for refusing to "sign off" on a grievance, or acknowledge that it had been satisfactorily resolved. Defendants previously filed a motion for summary judgment, which the court granted in part and denied in part, dismissing all defendants from the case except defendant Patty James, a unit team counselor at HCF. Two counts against defendant James remain: a First Amendment free speech/Fourteenth Amendment due process claim (Count III) and a First Amendment retaliation claim (Count IV).

In its summary judgment order, the court expressed concern whether Count III of plaintiff's complaint stated a claim, but was hesitant to dismiss the claim *sua sponte*. The court invited supplemental briefing on the issue. In response to the court's order, defendant James filed a Motion to Alter Judgment (Doc. 82). Defendant James asks the court to grant summary judgment on Count III of plaintiff's complaint.

Count III alleges that defendant James searched plaintiff's living area and stole twelve

personal letters, violating his First Amendment right to receive mail and Fourteenth Amendment right to due process. Plaintiff had received the personal letters through outside mail. Plaintiff claims that he has an ongoing and "continuing guarantee" of his First Amendment right to the letters, citing *Hudson v. Palmer*, 468 U.S. 517, 523 (1984). According to plaintiff, the right to receive mail is empty if he is not then entitled to retain the mail and re-read the letters.

*Hudson* does not support plaintiff's position. Rather, it generally references the continuing guarantee of substantive rights that prisoners have. *Id.* at 523-24 ("The continuing guarantee of these substantial rights to prison inmates is testimony to a belief that the way a society treats those who have transgressed against it is evidence of the essential character of that society."). The court finds that while plaintiff may have had a First Amendment right to receive the mail, in this case the continuing right to retain the mail lies in state law, not constitutional law. *See Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989) (discussing First Amendment rights in the prison context in terms of rights to "access" from and to the "outside world"); *Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986) (noting that the destruction of nonlegal materials, including photographs, only offended the Constitution because it was in retaliation for the plaintiff's filing grievances and lawsuits). Plaintiff has not demonstrated how defendant James's actions violated his First Amendment right to free speech.

The court also finds that plaintiff had an adequate post-deprivation remedy available to him. As long as an inmate has an adequate state post-deprivation procedure available, the taking of his property does not implicate the due process clause. *See Freeman v. Dep't of Corr.*, 949 F.2d 360, 361 (10th Cir. 1991) (dismissing claim because the plaintiff failed to allege that state post-deprivation remedies were inadequate). Kansas law provides for replevin suits to "recover possession of

specific personal property." Kan. Stat. Ann. § 60-1005. The fact that plaintiff speculates that he would not be able to represent himself and that a court would not appoint an attorney to represent him in state court does not make the remedies provided by state law inadequate. *See Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) ("Plaintiff's conclusory allegation that his status as an indigent prisoner makes the state post-deprivation remedy inadequate failed to state a claim for relief . . . ."). *But see Coleman v. Faulkner*, 697 F.2d 1347, 1349 (10th Cir. 1982) (holding that remedies may not have been adequate if the plaintiff was indigent, the prison would not permit the plaintiff to appear *pro se*, and the state would not provide counsel for the proceeding). Plaintiff has not shown that he tried to avail himself of the state court procedures but was prevented from doing so. *See Durre*, 869 F.2d at 548 ("[Plaintiff] must make some allegation showing they have *in fact* denied him an adequate remedy."); *cf. Freeman*, 949 F.2d at 362 (holding that where the plaintiff tried to use state procedures, but the state procedures were unresponsive and inadequate, the plaintiff may state a claim). For these reasons, the court finds that plaintiff had an adequate post-deprivation remedy available to him, and his Fourteenth Amendment due process claim fails.

Because the court finds that it would be manifestly unjust to allow Count III, a futile claim, to remain in the case, alteration or amendment of the judgment pursuant to Fed. R. Civ. P. 59(e) is appropriate. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (recognizing the need to prevent manifest injustice as one reason justifying reconsideration (citation omitted)). The court exercises its discretion and dismisses Count III. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1386 (10th Cir. 1998).

**IT IS THEREFORE ORDERED** that defendant James's Motion to Alter Judgment (Doc. 82) is granted. The court dismisses Count III of the complaint.

-4-

Dated this 20th day of September 2006, at Kansas City, Kansas.

          **s/ Carlos Murguia**
          **CARLOS MURGUIA**
          **United States District Judge**