**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **ERNEST LEE THOMAS,**           )<br>                                                            )<br>            **Plaintiff,**            )<br>                                                            )<br> **v.**                                                   )<br>                                                            )<br>                                                            )<br> **ROGER WERHOLTZ, et al.,**  )<br>                                                            )<br>            **Defendant.**         )<br>_____) | **CIVIL ACTION**<br><br>**No. 04-3237-CM** |

## MEMORANDUM AND ORDER

This case is before the court on the Motion to Withdraw (Doc. 104) filed by plaintiff's appointed counsel, Jay D. DeHardt. The court denies the motion without prejudice for failure to comply with the local rule for withdrawal of appearance by an attorney. District of Kansas Rule 83.5.5 provides several specific requirements an attorney must comply with when seeking to withdraw as attorney of record in the case. It provides, in pertinent part:

> An attorney seeking to withdraw must file and serve a motion to withdraw on all counsel of record, a[nd] served either personally or by certified mail, restricted delivery, with return receipt requested on the withdrawing attorney's client. Proof of personal service or the certified mail receipt, signed by the client, or a showing satisfactory to the court that the signature of the client could not be obtained, shall be filed with the clerk. A motion to withdraw must specify the reasons therefore unless to do so would violate any applicable standards of professional conduct. Except when substitute counsel authorized to practice in this court has entered an appearance, withdrawing counsel shall provide evidence of notice to the attorney's client containing (1) the admonition that the client is personally responsible for complying with all orders of the court and time limitations established by the rules of procedure or by court order and (2) the dates of any pending trial, hearing or conference. Withdrawal shall not be effective until an order authorizing withdrawal is filed.

The instant motion fails to indicate whether the motion was served either personally or by certified mail, restricted delivery, with return receipt requested on the withdrawing attorney's client. The motion further fails to provide evidence that counsel has provided his client with

notice containing (1) the admonition that the client is personally responsible for complying with all orders of the court and time limitations established by the rules of procedure or by court order, and (2) the dates of any pending trial, hearings or conferences in this case. The court therefore denies the motion for failure to comply with the local rules.  Counsel may file a new motion that complies with D. Kan. Rule 83.5.5.

**IT IS THEREFORE ORDERED** that the Motion to Withdraw (Doc. 104) filed by plaintiff's appointed counsel, Jay D. DeHardt, is denied without prejudice.

Dated this 25th day of May 2006, at Kansas City, Kansas.

 s/ Carlos Murguia

**CARLOS MURGUIA**
**United States District Judge**