## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ERNEST LEE THOMAS,          )
                                   )
               Plaintiff,     )
                                   )         CIVIL ACTION
v.                            )
                                   )         No. 04-3237-CM
                                   )
ROGER WERHOLTZ, et al.,        )
                                   )
              Defendants.    )
                                   )

## MEMORANDUM AND ORDER

Plaintiff Ernest Lee Thomas, an inmate at Hutchinson Correctional Facility ("HCF"), brings this § 1983 action alleging that prison official Patty James violated his constitutional rights when she retaliated against him for refusing to "sign off" on a grievance, or acknowledge that it had been satisfactorily resolved. Although the case originally contained additional claims against other defendants, the retaliation claim against defendant James is the only remaining claim in the case. Defendant filed a Second Motion for Summary Judgment (Doc. 103), arguing that plaintiff has insufficient evidence to support his claims. Plaintiff's appointed attorney moved to withdraw from the action, and the court granted his motion. Plaintiff then filed another Motion for Appointment of Counsel (Doc. 120). For the following reasons, the court denies the motion for appointment of counsel and grants the motion for summary judgment.

## I. MOTION FOR APPOINTMENT OF COUNSEL

The court previously appointed counsel for plaintiff in this action. Counsel represented plaintiff from July 2005 through June 2007, handling discovery, conducting settlement discussions, responding to the previous motion for summary judgment, and participating in the pretrial

conference on behalf of plaintiff.  After counsel withdrew from the case, plaintiff renewed his request for appointed counsel.

The decision whether to appoint counsel in a civil matter lies in the discretion of the district court.  *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  The court considers "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."  *Long v. Shillinger*, 927 F.2d 525, 526–27 (10th Cir. 1991).  The court determines that a second appointment of counsel is not warranted here.  As explained more fully below, plaintiff's remaining claim lacks merit.  The factual and legal issues left for resolution in this case are not complicated, and plaintiff has shown an ability to present his claims throughout this case when he was not represented by counsel.  The court will therefore consider defendant's summary judgment motion without appointing counsel for plaintiff.

## II.  FACTUAL BACKGROUND[1]

The record in this case shows that plaintiff frequently filed grievances.  Defendant, who was a unit team counselor, testified in deposition that it was plaintiff's regular practice not to "sign off" on grievances, or indicate that the subject matter of the grievance had been satisfactorily resolved.

On May 12, 2004, plaintiff refused to sign off on a grievance.  On May 13, 2004 or a few days prior, defendant received allegations from other inmates about plaintiff's predatory sexual behavior.  Defendant decided to "shakedown" plaintiff's cell to either verify or disprove the allegations.  During the shakedown on May 13, she discovered numerous letters of a sexually explicit nature and confiscated them.  At the time, prison officials were conducting shakedowns on a

---

[1]  The court construes the facts in the light most favorable to plaintiff as the non-moving party pursuant to Fed. R. Civ. P. 56.

regular, revolving basis in plaintiff's unit.  Defendant took the information she found to the unit

team manager, Robert Dale.  The Program Management Committee then made the decision to

transfer plaintiff to maximum security housing based on the "point system."  On May 14, 2004,

plaintiff was moved from his "medium custody" cell to a maximum level custody cell and was

labeled as a "high-profile inmate."

## III.  STANDARDS FOR JUDGMENT

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine

issue as to any material fact" and that it is "entitled to a judgment as a matter of law."  Fed. R. Civ.

P. 56(c).  In applying this standard, the court views the evidence and all reasonable inferences

therefrom in the light most favorable to the nonmoving party.  *Adler v. Wal-Mart Stores, Inc.*, 144

F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

574, 587 (1986)).

## IV.  DISCUSSION

As an initial matter, the court notes that defendant filed her second motion for summary

judgment after the deadline for doing so as set forth in the pretrial order.  The court will consider the

motion nevertheless for several reasons: the motion is based on newly-discovered evidence, plaintiff

did not object to the motion on the basis of untimeliness, and the interests of justice support

considering the motion before trial.  It appears to the court that defendant filed the motion within

twenty days of the depositions filed in support of the motion.  The parties agreed at the time of

entering the pretrial order that they would continue engaging in discovery after the discovery

deadline passed.  In light of all these facts, the court will consider defendant's second motion for

summary judgment.  The court hereby modifies the pretrial order to allow the motion in order to

prevent manifest injustice.  *See* Fed. R. Civ. P. 16(e).

> In order to prevail on his retaliation claim, plaintiff must prove:
>
> (1) that the plaintiff "was engaged in constitutionally protected activity"; (2) that the defendant's actions caused the plaintiff "to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity"; and (3) that the "defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct."

*Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000) (citations omitted).

The court assumes that plaintiff engaged in constitutionally protected activity by refusing to sign off on his grievance. *Cf. Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990) ("It is also one aspect of the First Amendment right to petition the government for redress of grievances."). The court also assumes that defendant took an adverse action in shaking down plaintiff's cell, the only act in which defendant personally participated.[2] That said, plaintiff cannot establish that the shakedown was substantially motivated by plaintiff's refusal to sign off on the grievance.

The uncontroverted evidence indicates that defendant had a legitimate reason for shaking down plaintiff's cell—other inmates alleged that he was engaging in sexually predatory behavior. And the only connection between plaintiff's refusal to sign off on the grievance and his transfer was temporal proximity. That is simply not enough in this case, particularly given the evidence that plaintiff regularly filed grievances and refused to sign off on them. *See Wright v. McCotter*, No. 98-4095, 1999 WL 76904, at *1 (10th Cir. Feb. 18, 1999) ("Standing alone, some temporal proximity between Plaintiff's grievance and lawsuit filings and the administrative segregation does not constitute sufficient circumstantial proof of a retaliatory motive to state a claim."). Plaintiff's regular practice of refusing to sign off on grievances and the lack of attending retaliatory acts negate any inference of retaliation that the temporal proximity may suggest.

---

[2] Although plaintiff alleges that defendant was responsible for other adverse actions taken against him, his allegations are conclusory and fail to controvert the evidence provided by defendant that she lacked authority to make any decisions about his transfer or inmate status.

Plaintiff also cannot show that his transfer was causally connected to his refusal to sign off on the grievance.  The evidence indicates that defendant lacked the authority to order plaintiff's transfer and that, in any event, those making the decision would have disregarded her recommendation.  The Program Management Committee, not defendant, made the decision to transfer plaintiff.  The Program Committee was not involved in the grievance process.  Likewise, although plaintiff claims that he was taken off of a high-paying job and placed on a low-paying one, there is no evidence that defendant was responsible for his job change.

Plaintiff attempts to show that defendant's action was retaliatory because plaintiff did not receive a disciplinary report before being punished and because he did not violate prison rules.  Plaintiff's argument does not, however, call into question whether defendant *herself* took actions in direct response to plaintiff's protected conduct.  The argument is targeted at plaintiff's transfer, which defendant had no role in ordering.  Plaintiff's unsupported allegation that defendant kept his records for three months to manufacture false allegations is also insufficient to create a genuine issue of material fact as to whether defendant's actions were retaliatory in nature.

As a final note, plaintiff raises issues of due process in his response to defendant's summary judgment motion.  The court has already dismissed plaintiff's due process claims from this case, and will not consider them again at this stage of the proceedings.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 120) is denied.

**IT IS FURTHER ORDERED** that Defendant's Second Motion for Summary Judgment (Doc. 103) is granted.

Dated this <u>13th</u> day of July 2007, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
